UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER JOSEPH KOEPKE,

    Plaintiff,

vs.

    Case No. 3:19-cv-924-J-39JBT

JACKSONVILLE SHERIFF'S DEPARTMENT
AND MIKE WILLIAMS, SHERIFF,

    Defendants.

**ORDER**

**I. Status**

Plaintiff Christopher Joseph Koepke, a pretrial detainee of the Pre-Trial Detention Facility (PTDF), is proceeding pro se on a Complaint (Complaint) (Doc. 2) pursuant to 42 U.S.C. § 1983. He names the Jacksonville Sheriff's Department and Mike Williams, Sheriff, as the Defendants. Plaintiff seeks $500,000.00 in damages, against the Defendants, jointly and severally, alleging (1) he has been denied a kosher meal option in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) and his First Amendment and Fourteenth Amendment constitutional rights; and (2) he is being over-charged for inmate canteen items in violation of Fla. Stat. 951.23(9)(a)-(e).

1

As relief, Plaintiff asks "for damages for a sum within the jurisdictional limits of this court, to wit: $500,000.00." Complaint at 1. He also seeks costs of the litigation. Id.

Defendant City of Jacksonville's ["Defendant, Jacksonville Sheriff [sic] Department; Mike Williams, Sheriff"] Motion to Dismiss (Motion) (Doc. 3) is pending before the Court.[1] In support, Defendants filed a Memorandum of Law (Memorandum) (Doc. 5). Plaintiff responded by filing his Response to Defendants' Motion to Dismiss (Response) (Doc. 19) and a Memorandum of Law in Support of Response (Doc. 20).

## II. The Complaint

Plaintiff alleges he is a pretrial detainee at the PTDF. Complaint at 1. He further alleges, Defendant Sheriff Williams, "in the guise of Chaplain Thomas," denied Plaintiff his right to practice his religion by denying him the kosher meal option. Id. at 2. Plaintiff states he has "taken a religious vow to eat kosher[,]" and is denied his ability to comply with this vow "due to a cost reduction policy." Id. He states that during his interview with the PTDF Chaplain, Plaintiff was told that although the Chaplain heard some sincerity, the Chaplain was not sure if it

---

[1] In this opinion, the Court references the document and page numbers designated by the electronic filing system.

2

was enough to meet the sincerity test. Id. Plaintiff alleges that although kosher meals are offered at the PTDF, the Chaplain's office restricts the distribution of kosher meals to those religions recognized as kosher compatible. Id.

Plaintiff also alleges he has been over-charged for items in the inmate canteen, in contradiction of Fla. Stat. § 951.23(9)(a)-(e). Complaint at 3. He states that canteen prices exceed fair market value for comparable products sold in the community, Jacksonville, Florida. Id. at 3-4.

### III. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

For its review, the Court accepts the facts in the Complaint as true and views them in the light most favorable to the Plaintiff.[2] In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), however, "the allegations must state a claim for relief that is plausible, not merely possible." Gill v. Judd, 941 F.3d 504, 511 (11th Cir. 2019) (citation omitted).

### IV. The Law and Conclusions

In its review, the Court will liberally construe Plaintiff's pro se Complaint. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).

---

[2] In considering the motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved.

4

**A. Sua Sponte Dismissal of Defendant**

Plaintiff names Duval County Sheriff's Office as a Defendant. In the State of Florida, the constitutional county officer of Sheriff is the legal entity against which such claims may be made. The Duval County Sheriff's Office "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). See Sandra E. v. Lee Cty. Sheriff's Office, No. 2:10-cv-491-FtM-29DNF, 2011 WL 397649, at *1 (M.D. Fla. Feb. 2, 2011) (a Sheriff's Office in not an entity capable of being sued). Therefore, the Court sua sponte dismisses Defendant Duval County Sheriff's Office from this action as it is not a legal entity subject to suit. As such, the Court will address the Complaint against Mike Williams, Sheriff, the remaining Defendant.

**B. Sua Sponte Dismissal of RLUIPA Claim**

RLUIPA does not create a private right of action for monetary damages against a state. Sossaman v. Texas, 563 U.S. 277, 288 (2011) ("it does not include suits for damages against a State"). Indeed,

> These plausible arguments demonstrate that the phrase "appropriate relief" in RLUIPA is not so free from ambiguity that we may conclude that the States, by receiving federal funds, have unequivocally expressed intent to waive their sovereign immunity to suits for damages. Strictly construing that phrase in

5

> favor of the sovereign—as we must, see Lane,³
> 518 U.S., at 192, 116 S. Ct. 2092—we conclude
> that it does not include suits for damages
> against a State.

Sossamon, 563 U.S. at 288.

Here, Plaintiff is not suing the state. He is suing a county Sheriff for compensatory damages. Plaintiff does not explicitly state whether he is suing Mike Williams, Sheriff, in his individual or official capacity. "Inmates may bring RLUIPA claims for nominal damages (but not compensatory or punitive damages) against defendants in their official capacities." Hathcock v. Cohen, 287 F. App'x 793, 798 n.6 (11th Cir. 2008) (per curiam) (citation omitted). Assuming arguendo Plaintiff is suing Defendant Sheriff Mike Williams in his official capacity, Plaintiff does not seek nominal damages, which generally do not exceed one dollar, in his Complaint. Indeed, Plaintiff requests a large sum of monetary damages, to wit: $500,000.00. Therefore, Plaintiff may not bring his claim for compensatory damages against Defendant Sheriff Mike Williams in his official capacity.

Assuming arguendo Plaintiff is suing Defendant Sheriff Mike Williams in his individual capacity in this Complaint, individual capacity RLUIPA claims are not cognizable. In fact, RLUIPA does

---

³ Lane v. Pena, 518 U.S. 187 (1996).

6

not create a private right of action for monetary damages against a sheriff in his individual capacity. Hathcock, 287 F. App'x at 798; Muhammad v. Davis, No. 3:10-cv-705-J-37JRK, 2013 WL 764761, at *4 (M.D. Fla. Feb. 28, 2013) (not reported in F.Supp.2d). Therefore, Plaintiff may not bring a claim for monetary damages against Sheriff Mike Williams in his individual capacity pursuant to RLUIPA because "RLUIPA does not authorize individual-capacity suits." Shabazz v. Morales, No. 2:17-cv-648-FtM-29NPM, 2019 WL 4737585, at *3 (M.D. Fla. Sept. 27, 2019) (citation omitted).

## C. Unavailability of Compensatory Damages

Plaintiff seeks compensatory damages: "damages for a sum within the jurisdictional limits of this court, to wit: $500,000.00."[4] Complaint at 1. Pursuant to 42 U.S.C. § 1997e(e), the Prison Litigation Reform Act (PLRA) precludes Plaintiff from recovering compensatory (and punitive) damages because he has failed to allege any physical injury.[5] Al-Amin v. Smith, 637 F.3d

---

[4] A request for a large sum of money does not constitute a request for nominal damages, of which $1.00 is the norm, "as nominal damages implies a mere token or trifling." Williams v. Langfor, No. 2:13-cv-315-J-FtM-38CM, 2015 WL 163226, at *7 (M.D. Fla. Jan. 12, 2015) (not reported in F.Supp.3d). Plaintiff clearly does not seek a mere token or trifling as he asks for $500,000.00 in damages.

[5] The PLRA applies to Plaintiff, a pre-trial detainee. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2476 (2015) (the PLRA "applies to both pretrial detainees and convicted prisoners").

7

1192 (11th Cir. 2011). See Motion at 4-6. Plaintiff has alleged no physical injury whatsoever.

Even a liberal construction of Plaintiff's Complaint does not support a contention that he is seeking nominal damages.[6] Honors v. Judd, No. 8:10-cv-22-T-33AEP, 2011 WL 3498287, at *6 (M.D. Fla. Aug. 10, 2011) (not reported in F.Supp.2d) (noting that in Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003), the Eleventh Circuit held that 1997e(e) does not bar suits by prisoners if they have not alleged a physical injury if they seek nominal damages, but finding that "Honors claim does not fall within that narrow exception as he is seeking, among other things, an award of punitive and compensatory damages"); McCiskill v. Thompson, No. 3:10cv211/MCR/MD, 2010 WL 4483408, at *3 n.4 (N.D. Fla. Sept. 22, 2010) (not reported in F.Supp.2d) (holding that the narrow exception in Hughes v. Lott with regard to a nominal damages claim does not apply because McCiskill seeks punitive damages and attorneys' fees, not nominal damages), report and recommendation adopted by 2010 WL 4457182 (N.D. Fla. Oct. 29, 2010).

As noted by the Defendant, although a claim for nominal damages is permissible under 42 U.S.C. § 1997e(e), Plaintiff has

---

[6] Even if this Court were to construe the Complaint as seeking nominal damages, Plaintiff has failed to state a First Amendment claim. This matter will be addressed hereafter.

8

requested $500,000.00 in compensatory damages, omits any request for injunctive relief, and fails to allege any injury. See Memorandum at 6. Thus, Plaintiff's case does not fall within the narrow exception. Moreover, Plaintiff's Complaint cannot be liberally construed as requesting nominal damages. Honors v. Judd, 2011 WL 3498287, at *6 n.2. See Pearson v. Gomez, No. 3:19-cv-944-J-39JBT, 2019 WL 5596307, *3 (M.D. Fla. Oct. 30 2019) (finding even under a liberal interpretation, a request for a large sum of damages could not be construed as a request for nominal damages, which generally do not exceed one dollar).

Accordingly, the Motion will be granted in this respect. Plaintiff's failure to satisfy the physical injury requirement means Plaintiff's claim for compensatory damages may not proceed. Al-Amin, 637 F.3d at 1199 (finding dismissal of a punitive damages claim appropriate if a plaintiff fails to meet '1997e(e)'s physical injury requirement). Also, the Eleventh Circuit's decision in Hughes v. Lott is inapplicable as Plaintiff's complaint cannot be liberally construed to include a request for nominal damages. Here, Plaintiff is bringing a federal civil action claiming a denial of federal constitutional rights, he is a detainee, and his alleged injuries occurred while he was in custody. Plaintiff is seeking a large sum of money in compensatory damages, and he is clearly not seeking a trifling or token sum of money. Furthermore,

9

Plaintiff did not suffer any physical injury as a result of the alleged actions of the Defendants. Therefore, because Plaintiff is actually seeking damages for mental or emotional injuries, his action is barred by § 1997e(e) as long as he remains incarcerated.

### D. Failure to State a Claim

The Defendant urges this Court to find Plaintiff has failed to state a claim because his sole allegation is he is entitled to a kosher meal option because he has taken a religious vow to eat a kosher diet. Memorandum at 3. The Defendant contends Plaintiff fails to allege a valid free exercise claim under the First Amendment because he has failed to make any allegation that he holds a sincerely held religious belief, and that Sheriff Williams has established a policy or made come concerted effort that impacts a sincerely held religious belief.

At most, Plaintiff states he has taken "a religious vow" to eat kosher, and he has been denied the ability to keep this vow "due to a cost reduction policy." Complaint at 2. Plaintiff does not identify the cost reduction policy and does not explain how it has impacted a sincerely held religious belief. Instead, Plaintiff states kosher meals are offered to inmates of the PTDF, but the Chaplain found Plaintiff was not sincere. Complaint at 2.

Of import,

> "To plead a valid free exercise claim, [Plaintiff] must allege that the government has impermissibly burdened one of his 'sincerely held religious beliefs.'" Watts v. Florida Intern. University, 495 F.3d 1289, 1294 (11th Cir. 2007) (quoting Frazee v. Ill. Dep't of Employment Sec., 489 U.S. 829, 834 (1989)). "A [prison] should accommodate an inmate's religious dietary restrictions, subject to budgetary and logistical limitations, but only when the belief is 'truly held.'" Hathcock v. Cohen, 287 Fed. Appx. 793, 801 (11th Cir. 2008) (per curiam) (not selected for publication in the Federal Reporter) (quoting Martinelli v. Dugger, 817 F.2d 1499, 1504-06, 1508 (11th Cir. 1987)).

Gardner v. Riska, No. 3:09-CV-482-J-32MCR, 2010 WL 11506602, at *3 (M.D. Fla. Dec. 27, 2010) (not reported in Fed. Supp.), aff'd, 444 F. App'x 353 (11th Cir. 2011).

Plaintiff fails to identify a religion and does not assert that a kosher diet is a sincerely held tenet of his religion. All that he provides is that he has taken a vow to eat kosher meals. He does not assert that this vow is a sincerely held tenet of a particular faith. See Walker v. Iske, No. 8:12-cv-1539-T-30AEP, 2012 WL 5341380, at *1 (M.D. Fla. Oct. 29, 2012) (not reported in F.Supp.2d) (the plaintiff raised a First Amendment claim alleging he is a Muslim, adheres to all tenets of his faith, and sincerely believes he must keep the diet mandated by the Holy Qur'an, but the district court found the allegations of the complaint concerning a denial of his right to exercise his religion were

conclusory and lacking in specific facts to support a plausible claim).

Here, Plaintiff has not adequately alleged that Sheriff Williams has impermissibly burdened one of Plaintiff's sincerely held religious beliefs. Plaintiff fails to identify the religion and fails to identify the tenet of the religion. Indeed, he utterly fails to set forth any allegations that a kosher diet is a sincerely held tenet of his faith. He merely alleges he has taken a vow to eat kosher.

The Court liberally construes Plaintiff's Complaint, as it must, but finds the Motion is due to be granted. Plaintiff has not alleged facts sufficient to show a plausible claim for a violation of a right to free exercise of religion under the First Amendment. Plaintiff's threadbare allegations are simply not enough to present a plausible First Amendment claim. As such, the Motion will be granted.

### E.  Violation of State Law

In the Complaint, Plaintiff claims Sheriff Williams overcharges inmates for canteen items sold at the PTDF in violation of Fla. Stat. § 951.23. It is clear, review of any pendent state law claim is undertaken and "only appropriate upon exercise of this court's supplemental jurisdiction." Turner v. Price, No. 2:19-CV-587-WKW, 2019 WL 4732047, at *3 (M.D. Ala. Aug. 30, 2019),

report and recommendation adopted by 2019 WL 4727907 (M.D. Ala. Sept. 26, 2019). Indeed,

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" Jackson v. Stinchcomb, 635 F.2d 462, 470 (5th Cir. 1981) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966)). See generally C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443-47 (1975).
>
> L.A. Draper and Son v. Wheelabrator Frye, Inc., 735 F.2d 414, 427 (11th Cir. 1984).

Turner v. Price, 2019 WL 4732047, at *3.

This Court will decline to exercise supplemental jurisdiction of this claim, assuming a private cause of action exists, because no substantial constitutional claim remains.[7] Also of import, the

---

[7] The Defendant contends the statute in question does not provide for a private cause of action, Memorandum at 7, but the Court need not reach this issue because the Court declines to exercise supplemental jurisdiction over this state law claim that does not arise out of a common nucleus of operative fact. Alternatively, assuming a common nucleus of operative fact exists, the Court, in its exercise of discretion, declines to exercise jurisdiction over the state law claim because there is no substantial federal claim.

claim concerning overcharging inmates for canteen is unrelated to the free exercise claim and does not arise out of a common nucleus of operative fact. See Giarolo v. Goodwill Industries of Central Fla., Inc., No. 6:14-cv-846-Orl-31KRS, 2014 WL 3822960, at *2 (M.D. Fla. July 18, 2014) (not reported in F.Supp.3d) ("This Court has the power to exercise supplemental jurisdiction over all state law claims that are so related to claims that are within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."), report and recommendation adopted by 2014 WL 3827527 (M.D. Fla. Aug. 4, 2014). The Court, in its discretion, declines to exercise supplemental jurisdiction over the state law claim.

Therefore, it is now

**ORDERED:**

1. The Court sua sponte **dismisses** the Duval County Sheriff's Office as a Defendant, and Plaintiff's claims against the Duval County Sheriff's Office are **dismissed.**

2. The Court sua sponte **dismisses** the RLUIPA claim against Defendant Mike Williams, Sheriff.

3. Defendant City of Jacksonville's Motion to Dismiss (Doc. 3) is **GRANTED to the extent stated in this Order,** and Plaintiff's

claims against the Defendant Jacksonville Sheriff's Department and Mike Williams, Sheriff, are **DISMISSED**.

4. The Court **declines** to exercise pendent jurisdiction over the state law claim and **dismisses** the claim that Sheriff Williams overcharges inmates for canteen in violation of state law.

5. The **Clerk** shall enter judgment **dismissing** the case and terminating any pending motions.

6. The **Clerk** shall close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of March, 2020.

_____
BRIAN J. DAVIS
United States District Judge

sa 3/4
c:
Christopher Joseph Koepke
Counsel of Record